COOLEY GODWARD LLP
JAMES P. BROGAN (155906)
WAYNE O. STACY (Colorado: 32716)
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Tel:   (720) 566-4000
Fax:   (720) 566-4099

COOLEY GODWARD LLP
BRIAN J. ANKENBRANDT (184497)
LOWELL D. MEAD (223989)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Tel:   (650) 843-5000
Fax:   (650) 857-0663

Attorneys for Plaintiff
QUOVA, INC.

**ORIGINAL FILED**

JUL 0 2 2004

Richard W. Wieking
Clerk U.S. District Court
Northern District of California
San Jose

ADR

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUOVA, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL ENVOY, INC, <br><br> Defendants. | Case No. C04 02674 JL <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Quova, Inc. ("Plaintiff" or "Quova") complains of defendant Digital Envoy, Inc. ("Defendant" or "Digital Envoy") and alleges as follows:

**NATURE OF THE ACTION**

1.    This action arises out of Defendant Digital Envoy's false statements regarding its patent rights, its false accusations of patent infringement, and its other acts of unfair competition and false advertising relating to its patent rights and Quova's geo-location technology. Plaintiff Quova seeks declaratory relief under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202) that it does not infringe Digital Envoy's patent rights, and seeks damages and other appropriate

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

1.

COMPLAINT

1  relief for false patent marking under 35 U.S.C. § 292, unfair competition and false advertising
2  under the Lanham Act (15 U.S.C. § 1051 *et seq.*), and unfair competition and false advertising
3  under California law (California Business and Professions Code §§ 17200 *et seq.* and §§ 17500 *et*
4  *seq.*).

## JURISDICTION

6  2.  This Complaint seeks declaratory relief under the Declaratory Judgment Act, 28
7  U.S.C. §§ 2201 and 2202. Quova also seeks damages under 35 U.S.C. § 292 for false marking
8  and under 15 U.S.C. § 1125(a) for violations of the Lanham Act. The subject matter jurisdiction
9  of this Court is therefore established by 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

10  3.  This action presents an actual case or controversy because Digital Envoy has
11  created in Quova a reasonable apprehension that Digital Envoy will bring suit against Quova
12  alleging that Quova, through its existing line of products and services, infringes one or more
13  claims of U.S. Patent No. 6,757,740 ("the '740 patent") under the patent laws of the United
14  States, including 35 U.S.C. §§ 271 and 282. There is a substantial and continuing justiciable
15  controversy between Quova and Digital Envoy as to Digital Envoy's right to threaten Quova
16  and/or maintain suit against Quova for infringement of one or more claims of the '740 patent and
17  as to the non-infringement by Quova of the claims of the '740 patent.

18  4.  This action also presents an actual case or controversy because, on information and
19  belief, Digital Envoy has falsely used the word "patent" in advertising in connection with an
20  unpatented article, importing that the same was patented, for the purpose of deceiving the public,
21  in violation of 35 U.S.C. § 292(a). Under 35 U.S.C. § 292(b), Quova has the right to sue for the
22  penalty prescribed by the statute.

23  5.  This action also presents an actual case or controversy because, on information and
24  belief, Digital Envoy has engaged in activities in interstate commerce that have damaged and will
25  likely continue to damage Quova and which give rise to a cause of action under 15 U.S.C. §
26  1125(a).

27  6.  Quova also seeks appropriate relief under California Business and Professions
28  Code §§ 17200 *et seq.* and 17500 *et seq.* because, on information and belief, Digital Envoy's

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

2.

COMPLAINT

unfair competition and false advertising practices in California have damaged and will likely continue to damage Quova. This Court has supplemental jurisdiction over these California state law claims under 28 U.S.C. § 1367.

7. On information and belief, Digital Envoy has sufficient contacts with this District to subject it to the personal jurisdiction of this Court for this action. Digital Envoy conducts business within this District and operated offices out of San Francisco, California and Monterey, California while committing acts giving rise to this action. Digital Envoy employees travel and work within this District. Digital Envoy's customers include numerous companies conducting business within this District, and Digital Envoy maintains business contacts with those customers. Digital Envoy maintains "Embedded Solutions Partners," "Market Alliance Partners," and "Strategic Alliances" partners that include numerous companies conducting business within this District. Digital Envoy conducts business with these companies within this District. On information and belief, Digital Envoy also has falsely asserted in this District that the '740 patent is being infringed by Quova, and that Quova's customers in this District should consider that alleged fact.

### VENUE

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and California Business and Professions Code §§ 17203 and 17536.

### INTRADISTRICT ASSIGNMENT

9. For purposes of intradistrict assignment pursuant to Local Rules 3-2(c), (e) and 3-5, a substantial part of the events that give rise to this action occurred in Santa Clara County.

### THE PARTIES

10. Plaintiff Quova was founded in 1999 and is a leading provider of geolocation services to online businesses. Quova's patented technology provides the geographic location of Web site visitors in real-time, enabling businesses to manage digital rights, target content, detect fraud, conduct site analysis and ensure regulatory compliance. Quova is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 333 West Evelyn Avenue, Mountain View, California 94041.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

3.

COMPLAINT

11.     On information and belief, Digital Envoy is a corporation formed under the laws of Georgia with its principal place of business at 250 Scientific Drive, Suite 800, Norcross, Georgia 30092. On information and belief, Digital Envoy is the owner and assignee of the '740 patent, entitled "Systems and Methods for Determining, Collecting, and Using Geographic Locations of Internet Users."

## FACTS

12.     Quova makes the following factual allegations based on its currently available information and belief.

13.     Quova and Digital Envoy are direct competitors in the national market for providing on-line geolocation services. Both Quova and Digital Envoy offer products and services that travel in interstate commerce.

14.     Patent application number 60/132,147 was filed with the United States Patent and Trademark ("PTO") on or about May 3, 1999. Application number 60/133,939 was filed with the PTO on or about May 13, 1999. Application number 541,451 was filed with the PTO on or about March 31, 2000 and claimed priority to application numbers 60/132,147 and 60/133,939. The '740 patent issued from application number 541,451 on June 29, 2004.

15.     The '740 patent names the following persons as inventors: Sanjay M. Parekh of Duluth, Georgia; Robert B. Friedman of Decatur, Georgia; Neal K. Tibrewala of Pittsburgh, Pennsylvania; and Benjamin Lutch of Mountain View, California.

16.     Digital Envoy purports to hold legal title to the '740 patent. The '740 patent appears to be the first issued United States Patent in which Digital Envoy has held any legal interest.

17.     Over the course of several years, prior to the issuance of the '740 patent, Digital Envoy, through its employees or other representatives, made statements to customers and/or potential customers of Quova stating or implying the following:

>   (1)     That Digital Envoy has an ownership interest in one or more issued United States Patents whose subject matter relates to or covers Digital Envoy's products and/or services;

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

4.

COMPLAINT

(2)    That Quova infringes Digital Envoy's patent(s);

(3)    That Quova's customers potentially infringe Digital Envoy's patent(s);

(4)    That Digital Envoy intends to assert its patent(s) against Quova; and

(5)    That Digital Envoy intends to "shut down" Quova by enforcing its patent(s).

18.    On January 24, 2002, Digital Envoy issued a press release entitled "Digital Envoy Named 2002 Technology Pioneer by World Economic Forum." The press release contained the following statements (emphasis added):

> "Digital Envoy Digital Envoy began the enormous task of charting a physical map of the Internet's 4.2 billion IP addresses in early 1999, using advanced algorithms and 'autonomous search agents.' **Its patented NetAcuity™ technology** instantly delivers the precise global geographic location of users (down to the city level), without using cookies or inaccurate third party databases. This technology cannot collect any personal information (ie. street address or phone number), so users can feel secure in knowing that their privacy is protected."

19.    In or about August 2003, a Digital Envoy salesperson made statements to a potential Quova customer to the effect that Digital Envoy had received their patents for geo-intelligence and that Quova would be out of business in six months.

20.    Digital Envoy made such statements in part for the purposes of promoting and advertising its own technology and business. Such statements related to products and services of Digital Envoy and Quova that are involved in interstate commerce.

21.    Digital Envoy made such statements in part for the purposes of damaging Quova's business by causing Quova to lose customers and goodwill and by harming Quova's reputation and the reputation of Quova's technology.

22.    Digital Envoy knew, or should have known through the exercise of reasonable care, that such statements were untrue and misleading and were likely to cause harm to Quova by influencing customers' purchasing decisions.

23.    Sanjay Parekh is Digital Envoy's Chief Strategy Officer and co-founder, and is a

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

5.

COMPLAINT

named inventor on the '740 patent. On or about May 9, 2003, Mr. Parekh sent an e-mail to a third party discussing patent-related issues. In that email, Mr. Parekh made the following statements (emphasis added):

> **"I'm all ready to rock and roll on kicking Quova's ass. Marie has been needing a deathblow for quote** [sic, quite] **some time. So let's get moving!"**

Marie Alexander is the President and Chief Executive Officer of Quova.

24. In a teleconference with a member of Quova's Board of Directors on or about September 26, 2003, two members of Digital Envoy's Board of Directors made a statement to the effect of "once we have our patent, your business will be seriously impeded."

25. Robert Friedman is Digital Envoy's Executive Vice President of Corporate Development, General Counsel, and co-founder of Digital Envoy, and is a named inventor on the '740 patent. At a trade show in San Francisco, California on or about May 24-26, 2004, Mr. Friedman told persons including customers and/or potential customers of Quova that the issuance of a patent to Digital Envoy was imminent and that Digital Envoy planned to assert its patent rights against Quova and potentially also against Quova's customers.

26. On June 29, 2004, Digital Envoy issued a press release entitled "**PATENT ISSUED FOR DIGITAL ENVOY'S IP INTELLIGENCE TECHNOLOGY: Patent Secures Digital Envoy's Status as Inventor of Geo-location Technology; Company Will Aggressively Defend Patent Rights**." The press release contained the following statements (emphasis added):

> (1) "Atlanta, GA, June 29, 2004 - Digital Envoy, the leading provider of IP Intelligence solutions, today announced that the United States Patent and Trademark Office has issued a patent on its IP Intelligence technology, which determines the location of Internet users based solely on their IP addresses."
>
> (2) "Patent number 6,757,740, titled, 'Systems and Methods for Determining, Collecting, and Using Geographic Locations of Internet Users,' covers the core methods used to determine the location of Internet users to the city level utilizing IP addresses. Furthermore, this

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

6.

COMPLAINT

patent claims a priority dating back to 1999 when the patent was first filed, and before any other current geo-location company was in existence."

(3) "'**This patent acknowledges that Digital Envoy is the inventor of geo-location technology,** and we are pleased to be officially recognized as pioneers in IP Intelligence,' said Sanjay Parekh, Digital Envoy's Chief Strategy Officer, co-founder, and co-inventor of IP Intelligence. 'Before Digital Envoy, attempts were made to geo-target Internet users by relying on things such as registry information, which is highly-inaccurate. I felt that the ability to non-invasively target Internet users was essential for conducting business on the Internet, which is how IP Intelligence came into being. I think the importance of this type of technology for a wide variety of Internet applications can be attested to by the number of 'me too' technologies that have sprung up since we first founded Digital Envoy in 1999.'"

(4) "'**We feel that no other provider will be able to offer accurate geo-location solutions without infringing on our patent rights,**' said **Rob Friedman**, Digital Envoy's Executive Vice President of Corporate Development, General Counsel, and company co-founder. '**We plan to aggressively defend our patent in order to protect the techniques, methods and applications of this technology that offer so much value to our partners and customers.**'"

(5) "In addition to issued U.S. Patent number 6,757,740, Digital Envoy has numerous other patents pending, both in the United States and internationally, directed to various types of IP Intelligence, as well as to applications of these core technologies."

27. Digital Envoy's June 29, 2004 press release was disseminated throughout this District, and throughout the world, via the Internet and other media.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

7.

COMPLAINT

28. Digital Envoy's statement in its June 29, 2004 press release that it is "the inventor of geo-location technology" is false, misleading, and damaging to Quova. Digital Envoy knew, or should have known through the exercise of reasonable care, that this statement was false, misleading, and likely to cause harm to Quova by influencing customers' purchasing decisions.

29. Digital Envoy's statement in its June 29, 2004 press release that "no other provider will be able to offer accurate geo-location solutions without infringing on our patent rights" is false, misleading, and damaging to Quova. Digital Envoy knew, or should have known through the exercise of reasonable care, that this statement was false, misleading, and likely to cause harm to Quova by influencing customers' purchasing decisions.

30. Digital Envoy's conduct as alleged herein has created in Quova a reasonable apprehension that Digital Envoy will bring an action against Quova alleging that Quova infringes one or more claims of the '740 patent.

31. Numerous Quova customers and/or potential customers have asked Quova about Quova's status with regard to Digital Envoy's patent rights. These inquiries began prior to the issuance of the '740 patent and have continued subsequent to the issuance of the '740 patent.

32. Quova has not infringed and is not infringing, directly or indirectly, contributorily, by inducement or otherwise, any claim of the '740 patent.

33. Quova has lost and will likely continue to lose revenue as the direct result of Digital Envoy's conduct as alleged herein, and Digital Envoy's conduct has deprived and will likely continue to deprive Quova of opportunities for expanding Quova's business and goodwill.

### FIRST CLAIM FOR RELIEF
### (DECLARATORY RELIEF UNDER 28 U.S.C. § 2201)

34. Quova hereby incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. An actual controversy exists between Quova and Digital Envoy as to Quova's noninfringement of the '740 patent. Quova is entitled to a declaratory judgment that its conduct has not infringed, and does not infringe, directly or indirectly, contributorily, by inducement or otherwise, any claim of the '740 patent. Digital Envoy has asserted that Quova infringes the '740

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

8.

COMPLAINT

patent.

36. Quova desires a judicial determination of the foregoing controversy and requests that the Court issue a declaration of the parties' respective rights with respect to all matters relating to the infringement of the '740 patent. A judicial determination is necessary and appropriate at this time in order that Quova may determine the extent, nature and scope of its rights and duties with respect to the foregoing dispute and to, among other things, remove the cloud that the foregoing dispute casts over the conduct of Quova's business.

## SECOND CLAIM FOR RELIEF

### (FALSE MARKING UNDER 35 U.S.C. § 292)

37. Quova hereby incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

38. As alleged herein, Digital Envoy has, prior to the issuance of the '740 patent, used in advertising in connection with its unpatented products and/or services, the word "patent" and other words importing that the products and/or services are patented, for the purpose of deceiving the public.

## THIRD CLAIM FOR RELIEF

### (UNFAIR COMPETITION AND FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(A))

39. Quova hereby incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

40. As alleged herein, Digital Envoy has used false and misleading descriptions and representations of fact in connection with goods and services in interstate commerce and in commercial advertising and promotion, which have misrepresented the nature, characteristics or qualities of both Digital Envoy's and Quova's goods, services and/or commercial activities, in violation of 15 U.S.C. § 1125(a).

41. As alleged herein, Quova believes that it has been damaged, and will likely continue to be damaged in the absence of a Court order, by Digital Envoy's conduct in violation of 15 U.S.C. § 1125(a).

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

9.

COMPLAINT

## FOURTH CLAIM FOR RELIEF

### (UNFAIR COMPETITION UNDER CAL. BUS. AND PROF. CODE §§ 17200 ET SEQ.)

42. Quova hereby incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

43. As alleged herein, Digital Envoy's conduct constitutes unlawful, unfair, or fraudulent business acts or practices that significantly threatens or harms competition, in violation of California Business and Professions Code §§ 17200 *et seq.*

44. Quova brings this claim pursuant to California Business and Professions Code § 17204 as a person acting for the interests of itself, its corporate constituents, and the general public.

45. As alleged herein, Quova believes that it has been harmed, and will likely continue to be harmed in the absence of a Court order, by Digital Envoy's conduct in violation of California Business and Professions Code §§ 17200 *et seq.*

46. The harm caused to Quova by Digital Envoy's conduct as alleged herein outweighs any benefit that might flow from this conduct.

47. In light of the facts alleged herein, there is a reasonable probability that Digital Envoy's unfair competition practices will continue and recur in the future if Digital Envoy is not enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

### (FALSE ADVERTISING UNDER CAL. BUS. AND PROF. CODE §§ 17500 ET SEQ.)

48. Quova hereby incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

49. As alleged herein, Digital Envoy made statements with intent directly or indirectly to dispose of real or personal property or to perform services or to induce the public to enter into any obligation relating thereto, to make or disseminate before the public in California, statements concerning that real or personal property or those services or concerning the circumstance and matter of fact connected with the proposed disposition thereof, which were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known, to

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

10.

COMPLAINT

be untrue or misleading, in violation of California Business and Professions Code §§ 17500 *et seq.*

50. Quova brings this claim pursuant to California Business and Professions Code § 17535 as a person acting for the interests of itself, its corporate constituents, and the general public.

51. As alleged herein, Quova believes that it has been harmed, and will likely continue to be harmed in the absence of a Court order, by Digital Envoy's conduct in violation of California Business and Professions Code §§ 17500 *et seq.*

52. In light of the facts alleged herein, there is a reasonable probability that Digital Envoy's false advertising practices will continue and recur in the future if Digital Envoy is not enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Quova prays that this Court enter judgment as follows:

1. For a declaration of this Court that Quova's products and services do not operate, and have not operated, in a manner that causes the infringement, directly or indirectly, contributorily, by inducement or otherwise, of any claim of the '740 patent;

2. For an award of monetary damages by Digital Envoy to Quova for Digital Envoy's violations of 35 U.S.C. § 292 and 35 U.S.C. § 1125(a), including treble damages in accordance with 35 U.S.C. § 1117(a);

3. For an award of restitution by Digital Envoy to Quova for harm caused by Digital Envoy's violation of California Business and Professions Code §§ 17200 *et seq.* and §§ 17500 *et seq.*;

4. For an Order enjoining Digital Envoy from continuing its unfair competition and false advertising practices;

5. For Quova's attorneys fees and costs of suit incurred herein, in accordance with 35 U.S.C. § 1117(a) and 35 U.S.C. § 285; and

6. For such other and further relief as this Court deems just and proper.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

11.

COMPLAINT

## JURY DEMAND

Plaintiff Quova demands trial to a jury on all issues so triable.

Dated: July 2, 2004

COOLEY GODWARD LLP
JAMES P. BROGAN (155906)
BRIAN J. ANKENBRANDT (184497)
WAYNE O. STACY (Colorado: 32716)
LOWELL D. MEAD (223989)

By: *[signature]*
Brian J. Ankenbrandt
Attorneys for Plaintiff QUOVA INC.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

681769 v2/PA
#M2102!.DOC

12.

COMPLAINT